IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>    *Petitioner*,<br><br>v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>    *Respondent*. | Civil Action No. _____<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

## CAROLENG INVESTMENTS LIMITED'S PETITION
## TO RECOGNIZE AND ENFORCE ARBITRATION AWARD

*Of Counsel:*

DECHERT LLP
Joshua D.N. Hess
1900 K Street, NW
Washington, DC 20006-1110
Telephone: (202) 261-3300
joshua.hess@dechert.com

Dated: December 31, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Elena C. Norman (No. 4780)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
enorman@ycst.com
rvrana@ycst.com

*Attorneys for Petitioner*

1.      Pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), and upon the concurrently filed Memorandum of Law and Declaration of Joshua D.N. Hess ("Hess Declaration"), Caroleng Investments Limited ("Caroleng")  by its undersigned attorneys, petitions this Court for an Order:

- Confirming, recognizing, and enforcing a final award (the "Final Award")[1] rendered by an arbitral tribunal (the "Tribunal") on May 13, 2020, in an arbitration (the "Arbitration") commenced by Caroleng against Bluestone Resources, Inc. ("Bluestone") in the International Chamber of Commerce ("ICC");

- Entering judgment in Caroleng's favor against Bluestone in the amounts set forth in the Final Award;

- Awarding Caroleng pre-award interest and post-award interest as set forth in the Final Award; and

- Awarding Caroleng such other and further relief as this Court may find just and proper, including the posting of security.

## PARTIES

1.      Petitioner Caroleng is a company organized under the laws of the British Virgin Islands.  Caroleng does not have its principal place of business in the United States.

2.      Respondent Bluestone is a corporation organized under the laws of the State of Delaware.  *See* Final Award ¶ 86.

## JURISDICTION AND VENUE

3.      Caroleng brings this proceeding under Chapter 2 of the FAA, 9 U.S.C. §§ 201-208, and the New York Convention.

4.      The Final Award was rendered in Paris, France and is governed by the New York

---

[1]      The Final Award is attached as Exhibit 1 to the Hess Declaration filed concurrently herewith.

Convention under 9 U.S.C. § 202 because it arises out of a commercial legal relationship that is not entirely between citizens of the United States.

5. This Court has original jurisdiction over this action under 9 U.S.C. §§ 203 and 207 because this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the New York Convention within the past three years.

6. This Court has personal jurisdiction over Bluestone because Bluestone is incorporated in this district.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Bluestone resides in this district. Venue is also proper in this Court under 9 U.S.C. § 204 because, save for the arbitration agreement between the Parties, this district is one in which an action or proceeding with respect to a controversy between the Parties could have been brought.

## THE AGREEMENT TO ARBITRATE

8. The Parties' agreement to arbitrate arises from a February 12, 2015 transaction agreement (the "Transaction Agreement") pursuant to which Caroleng—which at the time was Caroleng Investments SPV Ltd.—sold certain coal-producing property and assets to Bluestone in exchange for a cash payment, future royalty payments, and in the event that Bluestone resold any of the transferred property or assets to a third party, certain contingent payments and access to certain books and records. Ex. 2 to Hess Decl. §§ 2.3, 2.4, and 5.2.

9. Section 9.9 of the Transaction Agreement provides:

> THIS AGREEMENT SHALL BE GOVERNED BY, AND ALL DISPUTES ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT SHALL BE RESOLVED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK IN THE UNITED STATES OF AMERICA WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAW.
> All disputes arising out of or in connection with the present Agreement shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce ("ICC") by three arbitrators. Each party shall nominate in the Request

2

> and the Answer, respectively, one arbitrator. The two arbitrators so nominated shall, within thirty (30) days of the confirmation of the second arbitrator, nominate a third arbitrator, who shall be the chair of the Tribunal. If the two nominated arbitrators fail to nominate the third arbitrator within such thirty (30) days, the appointment of the chair shall be made by the ICC Court. The seat of the arbitration shall be the city of Paris, France. The language of the arbitration shall be English.

*Id.* § 9.9.

## THE ARBITRATION AND AWARD

10. Bluestone did not comply with its obligations under the Transaction Agreement. *See* Final Award ¶ 403(a).

11. Accordingly, on April 18, 2018, and pursuant to Section 9.9 of the Transaction Agreement, Caroleng filed a request for arbitration with the ICC. *Id.* ¶ 21.

12. The Arbitration took place before a distinguished Tribunal consisting of Dr. Dietmar W. Prager (President) (an international arbitration partner with Debevoise & Plimpton LLP),[2] Ms. Jennifer M. Smith (appointed by Bluestone) (an international arbitration senior counsel with Hogan Lovells LLP),[3] and Mr. Joseph R. Profaizer (appointed by Caroleng) (an international arbitration partner with Paul Hastings LLP).[4] *Id.* ¶¶ 16-18.

13. On August 9, 2018, the Parties entered into the "Terms of Reference" by which both "Parties agree[d] that the Tribunal [was] properly constituted in accordance with Section 9.9 of the Transaction Agreement, the ICC Rules and the governing law." Ex. 3 to Hess Decl. ¶ 51.

14. After the Parties submitted multiple written submissions and expert reports to the

---

[2] Debevoise & Plimpton LLP, *Dietmar W. Prager*, https://www.debevoise.com/dietmarprager (last visited Dec. 29, 2020).

[3] Hogan Lovells LLP, *Jennifer M. Smith*, https://www.hoganlovells.com/en/jennifer-m-smith (last visited Dec. 29, 2020).

[4] Paul Hastings LLP, *Joseph R. Profaizer*, https://www.paulhastings.com/professionals/details/joeprofaizer (last visited Dec. 29. 2020).

Tribunal, *see* Final Award ¶¶ 29-65, the Tribunal conducted a merits hearing in Paris, France from October 2, 2019 to October 4, 2019, *id.* ¶ 66.

15. After the merits hearing, the Parties again engaged in extensive post-hearing briefing. *See id.* ¶ 82.

16. On May 13, 2020, the Tribunal dispatched the well-reasoned, 98-page Final Award to the Parties in which it held that Bluestone had "materially breached Sections 2.3, 2.4 and 5.2 of the Transaction Agreement." *Id.* ¶ 403(a).

17. The Tribunal also ordered Bluestone to pay Caroleng damages as follows:

- $4,518,437 for breach of Section 2.4 of the Transaction Agreement;

- $2,075,228 for breach of Section 2.3 of the Transaction Agreement;

- "12.5% of any Earn-out Payments[5] that [Bluestone] might have received by 12 February 2020 and pre-award interest on that amount at a simple rate of 9% per annum from the eleventh Business Day of receipt until the date of the Final Award;"

- "10% of any Earn-out Payments that [Bluestone] might have received between 13 February 2020 and the date of the Final Award and pre-award interest on that amount at a simple rate of 9% per annum from the eleventh Business Day of receipt until the date of the Final Award;" and

- "10% of any Earn-out Payments that [Bluestone] receives between the date of the Final Award and 12 February 2025 within 10 Business Days of receipt."

*Id.* ¶¶ 403(b)-(f).

18. The Tribunal furthered ordered Bluestone to "reimburse [Caroleng] for its legal fees and costs in the amount of $1,592,558.56 and for [Caroleng's] advances towards the

---

[5] On January 27, 2017, Bluestone sold certain of the equipment and property that it had purchased from Caroleng through the Transaction Agreement to CM Energy Holdings LP ("CM Energy"). Final Award ¶ 102. The agreement between Bluestone and CM Energy "provides for the possibility of 'Earn-Out Payments' to be paid by CM Energy to Bluestone," *id.* ¶ 104, which, in turn, triggered Bluestone's obligations under Section 2.4 of the Transaction Agreement, *id.* ¶¶ 102, 180-81.

4

Arbitration costs in the amount of $222,500." *Id.* ¶ 403(g).

19. The Tribunal also ordered Bluestone to pay Caroleng $1,723,796.64 in pre-award interest. *Id.* ¶ 403(h).

20. Finally, the Tribunal ordered Bluestone to pay Caroleng post-award interest "at a simple rate of 9% per annum on the sums awarded (including the pre-award interest and the fees, expenses and costs) from the date of the award until full payment." Final Award ¶ 403(i).

21. Pursuant to Article 35(6) of the 2017 International Chamber of Commerce Rules of Arbitration ("ICC Rules"), the Final Award is "binding on the [P]arties." Ex. 4 to Hess Decl. at 37. Specifically, Article 35(6) of the ICC Rules states:

> By submitting the dispute to arbitration under the [ICC] Rules, the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.

22. Accordingly, on May 18, 2020, counsel for Caroleng sent counsel for Bluestone a letter requesting that Bluestone comply with its obligations under the Final Award. Ex. 5 to Hess Decl.

23. Instead of responding to that request, Bluestone, on June 2, 2020, submitted what it styled as an "Application for Clarification of May 13, 2020 Final Award" in which it "request[ed] the Tribunal to reconsider and revise several key findings and holdings of the Final Award." Ex. 6 to Hess Decl. ¶¶ 9, 35.

24. On August 12, 2020, in a well-reasoned 11-page "Decision and Addendum on Costs," the Tribunal "rejected" Bluestone's Application "in its entirety," *id.* ¶ 44(a), and reiterated that "a basic tenant of the ICC Rules is that a tribunal's award is final and binding," *id.* ¶ 29 (citing Article 35(6) of the ICC Rules).

25. Although more than four months have passed since the Tribunal issued its

5

"Decision and Addendum on Costs," Bluestone has yet to comply with its obligations under the Final Award.

26. Accordingly, Caroleng seeks an order confirming, recognizing, and enforcing the Final Award pursuant to 9 U.S.C. § 207 and the New York Convention.

27. As set forth in the Memorandum of Law filed concurrently herewith, Caroleng is entitled to have the Final Award confirmed, recognized, and enforced because:

- The United States and France are both signatories to the New York Convention, *see* New York Convention art. III;

- The Award arises out of a commercial legal relationship between Caroleng and Bluestone, 9 U.S.C. § 202;

- Caroleng is not a citizen of the United States as it neither incorporated in the United States, nor does it have its principal place of business in the United States, *id.*;

- This action is being filed "within three years after" the Final Award was rendered, 9 U.S.C. § 207; and

- None "of the grounds for refusal or deferral of recognition or enforcement of the [Final Award] specified in the [New York Convention]" applies, *id.*; New York Convention arts. IV-V.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Caroleng Investments Limited respectfully requests that this Court enter an order against Bluestone Resources, Inc.:

a. Confirming the Final Award;

b. Granting judgment in favor of Caroleng in the amount of:

- **$ 8,408,723.56** as follows:

| Amount | Paragraph in Final Award |
|---|---|
| $ 4,518,437.00 | ¶ 403(b) |
| $ 2,075,228.00 | ¶ 403(c) |
| $ 1,592,558.56 | ¶ 403(g) |
| $ 222,500.00 | ¶ 403(g) |
| **$ 8,408,723.56** | Total Damages, Legal Fees, and Costs Quantified in Final Award |

- 12.5% of any Earn-out Payments that Bluestone might have received by 12 February 2020 and pre-award interest on that amount at a simple rate of 9% per annum from the eleventh Business Day of receipt until the date of the Final Award, Final Award ¶ 403(d);

- 10% of any Earn-out Payments that Bluestone might have received between 13 February 2020 and the date of the Final Award and pre-award interest on that amount at a simple rate of 9% per annum from the eleventh Business Day of receipt until the date of the Final Award, *id.* ¶ 403(e); and

- 10% of any Earn-out Payments that Bluestone receives between the date of the Final Award and 12 February 2025 within 10 Business Days of receipt, *id.* ¶ 403(f);

c. Awarding Caroleng **$1,723,796.64** in pre-award interest as set forth in the Final Award. *Id.* ¶ 403(h);

d. Awarding Caroleng the post-award interest set forth in the Final Order, *i.e.*, "post-award interest at a simple rate of 9% per annum on the sums awarded (including the pre-award interest and the fees, expenses and costs) from the date of the award until full payment." *Id.* ¶ 403(i); and

e. Awarding Caroleng such other and further relief as the Court may deem to be just and proper, including the posting of security.

| | |
|---|---|
| *Of Counsel:* | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| DECHERT LLP<br>Joshua D.N. Hess<br>1900 K Street, NW<br>Washington, DC  20006-1110<br>Telephone:  (202) 261-3300<br>joshua.hess@dechert.com | */s/ Elena C. Norman*<br>_____<br>Elena C. Norman (No. 4780)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801 |
| Dated:  December 31, 2020 | Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>enorman@ycst.com<br>rvrana@ycst.com |
| | *Attorneys for Petitioner* |