# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED, | ) |
| | ) |
|     *Petitioner,* | ) |
| | ) |
|     v. | ) C.A. No.: 1:20-cv-01793-RGA |
| | ) |
| BLUESTONE RESOURCES, INC., | ) |
| | ) |
|     *Respondent.* | ) |

### DECLARATION OF BENJAMIN SIINO IN SUPPORT OF
### RESPONDENT BLUESTONE RESOURCES, INC.'S
### MOTION TO STAY PETITION TO ENFORCE ARBITRATION AWARD

OF COUNSEL:

Aaron B. Houchens
(admitted *pro hac vice*)
Aaron B. Houchens, P.C.
111 East Main Street
Salem, VA  24153
(540) 389-4498 – Telephone
(540) 339-3903 – Facsimile
aaron@houchenslaw.com

Dated:  February 22, 2021
7057371

John A. Sensing (#5232)
POTTER ANDERSON & CORROON LLP
Hercules Plaza - Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000 – Telephone
jsensing@potteranderson.com

*Attorneys for Respondent Bluestone Resources, Inc.*

**DECLARATION OF BENJAMIN SIINO**

**IN SUPPORT OF RESPONDENT'S MOTION TO STAY PETITION TO ENFORCE ARBITRATION AWARD**

**22 February 2021**

### I. PRESENTATION

Pursuant to 28 U.S.C. § 1746, I, Benjamin Siino, declare and state as follows:

1. I am a founding partner of Gaillard Banifatemi Shelbaya Disputes ("GBS Disputes"), an international law firm based in Paris, London and New York, with eight partners, four counsel and over twenty-five associates. I am resident in the Paris office of GBS Disputes.[1]

2. Before founding GBS Disputes, I was a partner in Shearman & Sterling's International Arbitration and Public International Law practices.

3. I am admitted to practice law in Paris (France) since 2007.

4. For the past fifteen years, I have regularly acted as counsel in recognition, enforcement proceedings and setting aside proceedings of arbitral awards before French courts. I also regularly act as counsel in international *ad hoc* arbitrations, including under UNCITRAL Rules, and institutional arbitrations under the Rules of the ICC and ICSID.

5. Since December 7, 2020, I act as counsel for Bluestone Resources, Inc. ("Bluestone" or "Respondent") before the International Chamber of the Paris Court of Appeal in setting aside proceedings initiated against the final award dated May 13, 2020 ("Final Award") and the Decision on Respondent's Application for Clarification of Final Award and Addendum on Costs dated 12 August 2020 ("Addendum") rendered in the arbitration proceedings captioned *Caroleng Investments Limited (British Virgin Islands) vs/ Bluestone Resources, Inc. (U.S.A.), Case No. 23546/MK* (the "Arbitration").

6. I respectfully submit this Declaration in Support of Respondent's Motion to Stay Petition to Enforce Arbitration Award.

7. I will first provide an overview of the relevant provisions of French law governing setting aside proceedings before the International Chamber of the Paris Court of Appeal (II). I will then present Bluestone' application for the setting aside proceedings with respect to the Final Award and the Addendum (III).

---

[1] Gaillard Banifatemi Shelbaya Disputes is a partnership organized under the laws of France and registered with the Paris Bar as "Gaillard, Banifatemi, Shelbaya, Siino A.A.R.P.I."

## II. SETTING ASIDE PROCEEDINGS UNDER FRENCH LAW

8. Under French law, the only judicial remedy against an arbitral award rendered in France in international arbitration is an action to set aside the award.[2]

9. As explained by the Paris Court of Appeal, any party has the right to apply for the setting aside of an arbitral award.[3]

### A. Time Limit to Initiate Setting Aside Proceedings

10. Pursuant to Article 1519 of the French Code of Civil Procedure ("FCCP"), an action to set aside an arbitral award shall be lodged within one month following notification of the award:

> "An action to set aside shall be brought before the Court of Appeal of the place where the award was made.
>
> Such recourse can be had as soon as the award is rendered. If no application is made within one month following notification of the award, recourse shall no longer be admissible.
>
> The award shall be notified by service (*signification*), unless otherwise agreed by the parties."[4]

11. If the parties are located outside of France, this one-month period is automatically extended by two months, resulting in a three-month time limit.[5]

---

[2] See Article 1518 FCCP: "The only means of recourse against an award made in France in an international arbitration is an action to set aside" (original in French: "La sentence rendue en France en matière d'arbitrage international ne peut faire l'objet que d'un recours en annulation"). An unofficial English translation of the provisions of the French Code of Civil Procedure on international arbitration published by the International Arbitration Institute is attached hereto as **Exhibit 1**.

[3] For a recent example, see *e.g.*, Paris Court of Appeal, June 30, 2020, 19/09729 (original in French: "L'exercice d'une action en justice constitue par principe un droit et ne dégénère en abus pouvant donner naissance à des dommages et intérêts qu'en cas de faute susceptible d'engager la responsabilité civile de son auteur. En l'espèce, la société AXON sera déboutée de sa demande à ce titre, à défaut pour elle de rapporter la preuve d'une quelconque faute ou légèreté blâmable de la part de M. Di Zazzo, qui a pu légitimement se méprendre sur l'étendue de ses droits et d'établir l'existence d'un préjudice autre que celui subi du fait des frais exposés pour sa défense"), a true and correct copy of which is attached hereto as **Exhibit 2**. In practice, the Paris Court of Appeal has consistently rejected claims for abusive proceedings based on the lack of merits of an application for setting aside, in the absence of a wrong capable of giving rise to the tort liability of the applicant, *i.e.*, in the absence of blameworthy wrong or recklessness (*faute ou légèreté blâmable*).

[4] Article 1519 FCCP (original in French: "Le recours en annulation est porté devant la cour d'appel dans le ressort de laquelle la sentence a été rendue. Ce recours est recevable dès le prononcé de la sentence. Il cesse de l'être s'il n'a pas été exercé dans le mois de la notification de la sentence. La notification est faite par voie de signification à moins que les parties en conviennent autrement").

[5] See Article 643 (2) FCCP (original in French: "Lorsque la demande est portée devant une juridiction qui a son siège en France métropolitaine, les délais de comparution, d'appel, d'opposition, de tierce opposition dans l'hypothèse prévue à l'article 586 alinéa 3, de recours en révision et de pourvoi en cassation sont augmentés de : [...] 2. Deux mois pour celles qui demeurent à l'étranger").

12.  Unless otherwise agreed by the parties, the award shall be notified by service (*signification*) by a French bailiff.[6] In this respect, French courts consider that, in order to derogate from the service requirement, the parties must have unequivocally expressed their intention to do so. On this basis, for example, the Court of Appeal of Paris has ruled that the parties' agreement to the application of the ICC Arbitration Rules, which includes a provision with respect to the notification of an arbitral award by the ICC Secretariat, cannot in and on itself qualify as an agreement of the parties to derogate from the service requirement. The period to set aside an award provided under French law thus does <u>not</u> start running when the award is notified to the parties by the arbitral institution.[7]

13.  As a result, the time period provided in Article 1519 FCCP to apply for the setting aside of an award starts running from the moment the award is served. Absent such service, French arbitration law does not provide any time limit to apply for the setting aside of an international arbitral award.

### B. Commencing Setting Aside Proceedings

14.  Pursuant to Articles 900[8] and 901[9] FCCP – which are applicable to adversarial proceedings before appellate courts – as applied in the context of setting aside proceedings under Article 1527 FCCP,[10] an application to set aside an arbitral award is lodged by submitting a unilateral

---

[6]  See Article 651 FCCP: "Processes are brought to the knowledge of the interested parties by notification thereof made to them. The notification made by a process through a bailiff will take a form of service through a bailiff. A notification may always be made by way of a service through a bailiff even if the law has provided another form" (original in French: "*Les actes sont portés à la connaissance des intéressés par la notification qui leur en est faite. La notification faite par acte d'huissier de justice est une signification. La notification peut toujours être faite par voie de signification alors même que la loi l'aurait prévue sous une autre forme*").

[7]  See, *e.g.*, Paris Court of Appeal, May 26, 2015, 14/21345, a true and correct copy of which is attached hereto as **Exhibit 3**.

[8]  Article 900 FCCP: "The appeal will be brought by a unilateral declaration or by a joint petition" (original in French: "*L'appel est formé par déclaration unilatérale ou par requête conjointe*").

[9]  Article 901 FCCP: "The declaration of appeal is made by deed containing, in addition to the information prescribed by Article 57, under penalty of nullity: 1° the designation of the appellant's lawyer; 2° the indication of the contested decision; 3° the indication of the court before which the appeal is brought; 4° The rulings expressly criticized to which the appeal is limited, unless the appeal aims to annul the judgment or the subject matter of the dispute is indivisible. It is signed by the appointed lawyer. It is accompanied by a copy of the decision. It is delivered to the clerk's office and is deemed to constitute a request for registration to the court's docket." (original in French: "*La déclaration d'appel est faite par acte contenant, outre les mentions prescrites par l'article 57, et à peine de nullité : 1° La constitution de l'avocat de l'appelant ; 2° L'indication de la décision attaquée ; 3° L'indication de la cour devant laquelle l'appel est porté ; 4° Les chefs du jugement expressément critiqués auxquels l'appel est limité, sauf si l'appel tend à l'annulation du jugement ou si l'objet du litige est indivisible. Elle est signée par l'avocat constitué. Elle est accompagnée d'une copie de la décision. Elle est remise au greffe et vaut demande d'inscription au rôle*").

[10] Article 1527 FCCP: "Appeals against orders granting or denying enforcement and actions to set aside awards shall be brought, heard and decided in accordance with the rules applicable to adversarial proceedings set forth in Articles 900 through 930-1. A decision denying an appeal or application to set aside an award shall be deemed an enforcement order of the arbitral award or of the parts of the award that were not overturned by the court" (original in French: "*L'appel de l'ordonnance ayant statué sur l'exequatur et le recours en annulation de la sentence sont formés, instruits et jugés selon les règles relatives à la procédure contentieuse prévues aux articles 900 à 930-1.*

declaration to the clerk's office of the competent Court of appeal (if the award is rendered in Paris, which is the case of the vast majority of international arbitral awards rendered in France, setting aside proceedings are brought before the Paris Court of Appeal).

15.     In accordance with the above-mentioned provisions of French law, the declaration contains limited information, which primarily concern the applicant's counsel and the arbitral award being challenged. In particular, the declaration does not include the legal grounds on which the application for setting aside is based or the applicant's legal and factual arguments in support of this application. These will be provided in detail in the applicant's first submission on the merits, which shall be submitted at the latest three months – brought to five months when the applicant is a foreign company – after the filing of the declaration for setting aside (Article 908 FCCP).

16.     The applicant does not have to notify this declaration to the respondent. Article 902 FCCP provides that, once a declaration for setting aside is submitted to the clerk's office of the Court of appeal, the clerk immediately sends this declaration by ordinary letter to the respondent and invites the latter to appoint a lawyer in the setting aside proceedings.[11] Should the respondent fail to appoint a lawyer within one month, the clerk informs the applicant, which shall then serve the declaration to the respondent within one month (or three months when the applicant is a foreign company), unless the respondent appoints a lawyer in the meantime.[12]

### C. Proceedings before the International Chamber of the Paris Court of Appeal

17.     Applications to set aside arbitral awards rendered in Paris are assigned to the International Chamber of the Paris Court of Appeal. This Chamber, which was created in February 2018, is specialized in disputes involving international commercial interests (including disputes in the field of international arbitration) and composed of panels of three English-speaking judges who have prior experience in adjudicating international commercial disputes.

---

Le rejet de l'appel ou du recours en annulation confère l'exequatur à la sentence arbitrale ou à celles de ses dispositions qui ne sont pas atteintes par la censure de la cour").

[11] See Article 902 FCCP (original in French: "Le greffier adresse aussitôt à chacun des intimés, par lettre simple, un exemplaire de la déclaration avec l'indication de l'obligation de constituer avocat. En cas de retour au greffe de la lettre de notification ou lorsque l'intimé n'a pas constitué avocat dans un délai d'un mois à compter de l'envoi de la lettre de notification, le greffier en avise l'avocat de l'appelant afin que celui-ci procède par voie de signification de la déclaration d'appel. A peine de caducité de la déclaration d'appel relevée d'office, la signification doit être effectuée dans le mois de l'avis adressé par le greffe ; cependant, si, entre-temps, l'intimé a constitué avocat avant la signification de la déclaration d'appel, il est procédé par voie de notification à son avocat. A peine de nullité, l'acte de signification indique à l'intimé que, faute pour lui de constituer avocat dans un délai de quinze jours à compter de celle-ci, il s'expose à ce qu'un arrêt soit rendu contre lui sur les seuls éléments fournis par son adversaire et que, faute de conclure dans le délai mentionné à l'article 909, il s'expose à ce que ses écritures soient déclarées d'office irrecevables").

[12] Id.

18.     Once the Paris Court of Appeal is seized of an application to set aside an arbitral award, the judge of the International Chamber in charge of the procedure (*conseiller de la mise en état*), upon his or her designation, summons without delay the parties to a first hearing to obtain their agreement that the dispute be heard and adjudicated in accordance with the procedures laid down in a protocol which is only applicable before the International Chamber: the "Protocol relating to the procedure before the International Chamber of the Paris Court of Appeal" (the "Protocol").[13]

19.     This Protocol, which provides a set of innovative and flexible procedural rules for proceedings taking place before the International Chamber, offers an application of the relevant provisions of the French Code of Civil Procedure that allows more flexibility in the conduct of the proceedings, especially with respect to the language of the proceedings and the judicial administration of the taking of evidence. In particular, the Protocol provides that exhibits in English may be submitted into evidence without translation and that parties appearing before the Court, witnesses, experts, as well as parties' counsel (when they are foreign and authorized to plead before the Paris Court of Appeal), are authorized to express themselves in English.[14]

20.     The Protocol also sets forth procedural rules which allow proceedings before the International Chamber to be conducted in close cooperation with the parties in the most efficient and timely manner. In particular, after the filing of the first submissions of the parties, the *Conseiller de la mise en état* sets a mandatory procedural timetable providing for, *inter alia*, the date on which the parties shall file their additional submissions, the date of the hearing on the merits of the application, and the date on which the Court will render its decision. As noted by commentators:

> "Case management is to be stream-lined as well. Gone will be the rather languorous meandering French appellate procedure and in will be ushered a new highly case-managed equivalent with the parties and judge settling a timetable at the outset with fixed dates for filing written submissions, as well as – strikingly – the actual date of the ultimate judgment being set in stone, usually within 6 months of the first case-management hearing."[15]

---

[13]  See the "Protocol relating to the procedure before the International Chamber of the Paris Court of Appeal" dated February 7, 2018, a true and correct copy of which is attached hereto as **Exhibit 4**.

[14]  See articles on the International Chamber of the Paris Court of Appeal, true and correct copies of which are attached hereto as **Exhibit 5**.

[15]  D. Fairgrieve, S. Le Tutour, "Doors open for First Hearing of International Chamber at Paris Court of Appeal", June 5, 2018, available at http://conflictoflaws.net/2018/doors-open-for-first-hearing-of-international-chamber-at-paris-court-of-appeal/, a true and correct copy of which is attached hereto as **Exhibit 5**.

### D. Grounds for Setting Aside

21.     Pursuant to Article 1520 FCCP, an award may be set aside where:

"(1) The arbitral tribunal wrongly upheld or declined jurisdiction; or
(2) the arbitral tribunal was not properly constituted; or
(3) the arbitral tribunal ruled without complying with the mandate conferred upon it; or
(4) due process was violated; or
(5) recognition or enforcement of the award is contrary to international public policy."[16]

22.     The scope of the Paris Court of Appeal's review in the context of setting aside proceedings is limited to these grounds. In particular, the Paris Court of Appeal cannot reconsider the merits of the case.

23.     However, when assessing these grounds, the Paris Court of Appeal has extensive power to review whether the application for setting aside has merits.[17]

24.     In so doing, the Paris Court of Appeal may find that an arbitral tribunal failed to comply with its mandate and set aside an arbitral award pursuant to Article 1520(3) FCCP for various reasons, including on the ground that the arbitral tribunal failed to follow the rules agreed by the parties to govern the procedure, exceeded the powers conferred upon it by the parties, or ruled beyond the scope of the parties' submissions in the arbitration.[18]

25.     Likewise, the Paris Court of Appeal may set aside an arbitral award pursuant to Article 1520(4) of the FCCP in various circumstances which, according to the Court, amount to a violation of due process, which forms part of French international public policy.[19]

---

[16]     Article 1520 FCCP (original in French: "Le recours en annulation n'est ouvert que si : 1° Le tribunal arbitral s'est déclaré à tort compétent ou incompétent ; ou 2° Le tribunal arbitral a été irrégulièrement constitué ; ou 3° Le tribunal arbitral a statué sans se conformer à la mission qui lui avait été confiée ; ou 4° Le principe de la contradiction n'a pas été respecté ; ou 5° La reconnaissance ou l'exécution de la sentence est contraire à l'ordre public international.").

[17]     See e.g. *Cour de cassation*, January 6, 1987, No. 84-17274, a true and correct copy of which is attached hereto as **Exhibit 6** ("Considering that if the mission of the Court of Appeal, pursuant to article [now 1520] of the Code of Civil Procedure, is limited to the examination of the defects enumerated by this text, no limitation is brought to the power of this jurisdiction to seek in law and in fact all the elements concerning the defects in question"). See also Paris Court of Appeal, January 16, 2018, No. 15/21703, a true and correct copy of which is attached hereto as **Exhibit 7**.

[18]     See L. Mistelis, *Concise International Arbitration*, Kluwer Law International, 2nd edition, 2015, Nos. 16-18, a true and correct copy of which is attached hereto as **Exhibit 8**.

[19]     *Id.*, No. 19.

### III. THE SETTING ASIDE PROCEEDINGS IN THE PRESENT CASE

#### A. Bluestone's Application for Setting Aside

26. I have been advising Bluestone as to the judicial remedy available under French law regarding the Final Award and the Addendum since November 2020.

27. I understand that Caroleng Investments Limited ("Caroleng") has not served the Final Award and the Addendum to Bluestone. In these circumstances, Bluestone was not subject to any time limit to initiate setting aside proceedings against these awards before the Paris Court of Appeal. In December 2020, I was instructed by Bluestone to apply for the setting aside of these awards. At this time, to the best of my knowledge, Caroleng had not initiated any proceedings in France or abroad in order to obtain the recognition and enforcement of the Final Award.

28. On December 7, 2020, Bluestone applied for the setting aside of the Final Award and the Addendum by submitting a two-page declaration to the clerk's office of the Paris Court of Appeal.[20] On December 14, 2020, the clerk's office informed Bluestone that its declaration was registered and that the case had been assigned to the International Chamber of the Paris Court of Appeal, which has been seized of Bluestone's application since that date.[21]

29. On January 8, 2021, the Court convened the Parties to a procedural hearing, which is to take place on March 9, 2021. During that hearing, the Parties will be given the opportunity to agree to the application of the Protocol.[22] On January 19, 2021, the Paris Court of Appeal informed Bluestone that Caroleng had failed to appoint a lawyer within the applicable time period and invited Bluestone to serve the declaration for setting aside to Caroleng, without indicating the reasons for Caroleng's failure and whether Caroleng had been informed of its application by the clerk's office in accordance with Article 902 FCCP (see above, para. 16).[23]

30. As of January 19, 2021, Bluestone has three months to serve its declaration for setting aside to Caroleng. In order to accelerate the process, I was instructed by Bluestone to inform Caroleng's counsel in the arbitration (Mr. Joshua Hess, from Dechert LLP) of the status of the setting aside proceedings before French courts. I therefore sent an email to Caroleng's counsel on 22 January

---

[20] See Bluestone's declaration for setting aside dated December 7, 2020, a true and correct copy of which is attached hereto as **Exhibit 9**.

[21] See Notice from the Paris Court of Appeal dated December 14, 2020 (registration of Bluestone's application), a true and correct copy of which is attached hereto as **Exhibit 10**.

[22] See Notice from the Paris Court of Appeal dated January 8, 2021 (First Procedural Hearing), a true and correct copy of which is attached hereto as **Exhibit 11**.

[23] See Notice from the Paris Court of Appeal dated January 19, 2021 (Caroleng's failure to appoint a lawyer), a true and correct copy of which is attached hereto as **Exhibit 12**.

2021, in which I provided all relevant information, in order to allow Caroleng to appoint a lawyer in the setting aside proceedings in a timely manner.[24]

31. In my January 22, 2021 email, I informed Caroleng's counsel of the fact that setting aside proceedings had been initiated on December 7, 2020 on behalf of Bluestone and that Caroleng should appoint a French qualified lawyer in these proceedings in order to be able to defend its case against Bluestone's application.[25] I also informed Caroleng's counsel that a procedural hearing had been scheduled on March 9, 2021 and asked him to let us know whether his firm would represent Caroleng in these proceedings and attend the procedural hearing scheduled on March 9, 2021.[26] To this date, we have not received any answer and Caroleng has not yet appointed a lawyer in the setting aside proceedings.

32. Should Caroleng fail to do so before March 9, 2021, the procedural hearing scheduled on that date will have to be postponed and the setting aside proceedings may be delayed. Moreover, should Caroleng fail to appoint a lawyer before April 19, 2021, Bluestone will have to expose unnecessary translation and bailiff costs in order to serve the declaration for setting aside.

33. As indicated above, setting aside proceedings before the International Chamber of the Paris Court of Appeal are expeditious and provide a timely response. Given the flexibility offered by the International Chamber with respect to the conduct of the proceedings, provided that Caroleng appoints a lawyer and participates in the setting aside proceedings in a proactive manner, Bluestone and Caroleng would have ample opportunity to agree on a procedural calendar for the filing of their submissions that could allow for the adjudication of Bluestone's application before the end of the year. Should Caroleng oppose such an agreement, we can expect that a decision on the merits of Bluestone's application for setting aside will be rendered in the course of 2022.

### B. Grounds to Set Aside the Awards

34. In accordance with the French law provisions set forth above, the declaration for setting aside filed by Bluestone on December 7, 2020 does not include any information regarding the legal grounds of its application or the legal and factual arguments supporting its application. Such information will be provided in Bluestone's first submission in the setting aside proceedings, which Bluestone is to file on May 7, 2021 at the latest, in accordance with French law.

---

[24] See Email from B. Siino to J. Hess dated 22 January 2021, a copy of which is attached to J. Hess' Declaration as Exhibit 1.

[25] *Id.*

[26] *Id.*

35.     In these circumstances, I fail to understand how Caroleng's counsel, in its Opposition, can assess the chances of success of Bluestone's application to set aside the awards at such an early stage.

36.     Indeed, one has to wait until Bluestone has filed its first submission on the merits – which Bluestone is required to file on 7 May 2021 at the latest – to find the legal grounds on which its application is based and the factual and legal reasons in support of its application.

37.     Suffice it to mention that, without prejudice to the other grounds provided for under Article 1520 FCCP, which we are currently investigating, we intend to pursue at least two grounds in these proceedings, namely *(i)* that the Final Award and the Addendum shall be set aside on the grounds that the Arbitral Tribunal did not comply with is mandate (Article 1520(3) FCCP) and *(ii)* that due process was violated (Article 1520(4) FCCP), for the legal and factual reasons that will be exposed in Bluestone's submissions on the merits, to be filed in the setting aside proceedings.

38.     I am of the view that Bluestone has good chances to succeed in this application.

39.     It is also worth noting that in recent years, the Paris Court of Appeal has set aside (or refused to recognize) a number of arbitral awards on the very grounds that Bluestone intends to pursue in the setting aside proceedings.[27]

40.     In addition, even though France is a pro-arbitration jurisdiction, the Paris Court of Appeal grants applications for the setting aside of arbitral awards on a regular basis. As highlighted by an eminent specialist of French arbitration law, an analysis of the decisions rendered by the Paris Court of Appeal from 2016 to mid-2018 shows that the Court granted a quarter of all applications for setting aside brought during this period.[28] Moreover, an overview of the decisions rendered by the Paris Court of Appeal in the past years shows an increase of awards being set aside: in 2018, the Court granted 27% of the setting aside applications brought before it, compared to 20% in 2016.[29]

41.     In light of the foregoing, Caroleng's counsel's contention that Bluestone's application for setting aside would be unlikely to succeed (*a fortiori* where Bluestone has not yet exposed any of the legal and factual arguments in support of its application) is manifestly unfounded.

---

[27] For recent examples of decisions of the Paris Court of Appeal setting aside arbitral awards based on an arbitral tribunal's non-compliance with its mandate or the violation of due process, see *e.g.* the true and correct copies of decisions attached hereto as **Exhibit 13**.

[28] See "Le contrôle étatique des sentences par le juge étatique. Jusqu'où ira-t-il?," Association Française d'Arbitrage, May 30, 2018, a copy of which is attached to E. Silva Romero's Declaration as Exhibit 6.

[29] *Id.*

42. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2021 in Paris, France

_____
Benjamin Siino